JUSTICE NELSON
specially concurs:
I concur with the Court’s opinion. Something more, however, needs to be said about Dr. Heikkila’s “ability” to pay.
While the dissent has correctly set forth the law with regard to the issue of a parent’s ability to pay, I disagree that, on the facts of this case, the natural father was unable to support his children. True, despite his employment as a doctor of veterinary medicine, his expenses exceed his income. True, also, he is deeply in debt — largely because of student loans which he used to finance his higher education. Agreed, some of his debt is delinquent. Conceded, he lives a spartan life without luxuries and amenities — no television, savings, investments, credit cards, health insurance, boat or snowmobile.
No doubt about it, Dr. Heikkila’s financial situation is bleak. Notwithstanding, he is no worse off than millions of Americans, who, despite the inconvenience of bills which exceed income, dunning creditors, unemployment, sickness, debt, divorce and the fact that whatever can go wrong usually does, somehow find the money each month to support their children. Those families and single parents take on second and third jobs; they put off paying bills; they borrow and scrimp and sacrifice and go on welfare, but, nevertheless, from their inadequate incomes their kids get fed, clothed and sheltered first. It is, frankly, of small concern to a hungry child that his parent’s student loan is delinquent.
I agree with the dissent. The parent-child relationship is likely the most important human relationship that exists. But with the right to be a parent go some responsibilities, not the least of which is the obligation to financially support one’s children, whether they live in one’s own home or with the ex-spouse.
Unfortunately, Dr. Heikkila’s perception of his parental obligation of support mirrors that of “deadbeat” parents nationwide who, on the one hand, sanctimoniously demand their constitutional right to parent, but who, on the other hand, are more than willing to let the custodial ex-spouse, some other family member or third party and/or the taxpayer shoulder the entire burden of feeding, clothing and sheltering the children.
*388 Dr. Heikkila is not unable to support his children; he just chooses to spend what income he has on obligations other than child support. His voluntary spending priorities, sadly, include himself and his general creditors first, and his children not at all. That his spending priorities are misplaced does not equate to an inability to support his children.
The District Court’s decision was correct, and so is this Court’s.